UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00023-MOC-DCK

| | | |
|---|---|---|
| **FIRST SOUTH BAND,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CYNTHIA LEONARD SEELY and THE PHILLIP J. BRUST CHARITABLE REMAINDER TRUST,** | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on Defendant's Motion to Dismiss (#7) Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). On December 11, 2015, Plaintiff First South Bank ("FSB") filed its Complaint against Defendants Cynthia Seely and the Phillip J. Brust Charitable Remainder Trust ("Brust Trust") in Mecklenburg County, North Carolina, Superior Court, alleging claims for fraudulent transfer, civil conspiracy, and unjust enrichment/equitable lien against Defendants. See (# 1-1). Defendants removed the state court action to this court on January 12, 2016, see (#1), and filed their Motion to Dismiss (#7) on January 20, 2016. Plaintiff then filed an Amended Complaint (#14), as well as a Memorandum in Opposition to Defendant's Motion to Dismiss (#15), on February 16, 2016.[1]

---

[1] The court notes that Plaintiff's Amended complaint was timely filed in compliance with Fed. Rs. Civ. P. 15 and 6. Pursuant to Rule 15(a)(1), "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," Fed. R. Civ. P. 15(a)(1)(B). Under Rule 6(d), "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." As such, Plaintiff had 21 days under Rule 15 and three days under Rule 6 for a total of 24 days from January 20, 2016 (the date Defendants filed their Rule 12(b)(6) Motion to Dismiss), to file an Amended Complaint as a matter of course. The twenty-fourth day fell on Saturday, February 13, 2016, and pursuant to Rule 6(a)(1)(C), "the period continues to

As Plaintiff notes, that the filing of an amended complaint renders Defendant's initial Motion to Dismiss moot, as it is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'") (citing Crysen/Montenay Energy Co. v. Shell Oil Co. 226 F.3d 160, 162 (2d Cir. 2000)); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002); 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2015) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading."). Accordingly, the court will deny Defendant's Motion to Dismiss as moot.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss (#7) is **DENIED WITHOUT PREJUDICE AS MOOT.**

Signed: March 2, 2016

Max O. Cogburn Jr.
United States District Judge

---

run until the end of the next day that is not a Saturday, Sunday, or legal holiday," which was February 16, 2016. As Plaintiffs filed their Amended Complaint on February 16, the Amended Complaint was timely filed.