IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.:  3:16-CV-023-MOC-DCK

| | | |
|---|---|---|
| FIRST SOUTH BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| | ) | |
| | ) | |
| CYNTHIA LEONARD SEELY, THE | ) | |
| PHILIP J. BRUST CHARITABLE | ) | |
| REMAINDER TRUST, and CYNTHIA | ) | |
| LEONARD SEELY, AS EXECUTRIX OF | ) | |
| THE ESTATE OF PHILIP J. BRUST, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff First South Bank ("Plaintiff") and Defendants Cynthia Leonard Seely, the Philip J. Brust Charitable Remainder Trust, and Cynthia Leonard Seely, as executrix of the estate of Philip J. Brust ("Defendants") (hereinafter, Plaintiff and Defendants may be referred to individually as a "Party" or together as the "Parties") have agreed to be bound by the material terms set forth in the below Protective Order. For good cause shown, the Court orders as follows:

1.      "Discovery Material" means any or all documents and information produced by the Parties, whether pursuant to subpoena, agreement or otherwise. Such materials include but are not limited to deposition testimony or other testimony given at any court hearing or trial.

2.      "Confidential Information" means any Discovery Material produced in this lawsuit that a Party in good faith believes contains, reflects or concerns its non-public, confidential, sensitive, proprietary or trade secret information which, if disclosed, could cause it injury or prejudice. Confidential Information may not be used or disseminated except as provided in this Order.

3.      A Party may designate any Discovery Material as Confidential Information to be restricted in disclosure by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document. Deposition testimony and/or exhibits may be designated Confidential Information either by: (a) stating on the record of the deposition that such deposition, or portion thereof, or exhibit is confidential; or (b) stating in writing served upon counsel of record up to ten (10) days after receipt of the deposition transcript that such deposition, or portion thereof, or exhibit is confidential.

4.     Counsel for the Parties shall use all Confidential Information produced and disclosed to the Parties solely for the purposes of preparation for discovery, the contested case, and appeals related to the case unless another use is specifically agreed upon by the Parties or authorized by the Court.

5.     Counsel for the parties may not disclose Discovery Material designated Confidential Information except to:

    a.  the Parties;

    b.  counsel of record for the Parties, and the personnel (such as assistants and paralegals) who are employed or contracted by those firms and are assisting the attorneys working on this lawsuit;

    c.  any person who is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation therefor;

    d.  expert witnesses and consulting experts retained by the Parties in this lawsuit;

    e.  the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit; and

    f.  any mediator selected with the consent of all Parties or by the Court.

6.     Confidential Information shall not be disclosed to any of the persons referred to in subparagraphs 5(c) and 5(d) until such persons have been provided with a copy of this Order and have agreed to be bound thereto by execution of a written statement to that effect (in the form attached hereto as Exhibit A).

7.     A Party that intends to file pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps to have such matter filed under seal. The Parties agree that prior to filing pleadings or other papers containing or referring to Confidential Information, they will confer and consider redactions and/or other reasonable means of protection to avoid filing under seal.

8.     Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any court hearing upon reasonable written notice to the Parties and having any objections ruled on by this Court.

9.     With respect to any Confidential Information covered by this Order, a Party may at any time serve upon counsel for the producing Party a written notice of objection to the materials designated as "Confidential Information." The producing Party, within ten (10) business days of receipt of such notice, shall review the designated material sought to be reclassified, and notify the objecting Party in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy. If no agreement can be reached, the producing Party may apply to the Court for an order that the

information or documents so designated are entitled to such status and protection. The objecting Party shall be given notice of the application and an opportunity to respond. All such applications and responses will be filed under seal and review of any documents by the Court shall be *in camera*. In the event of such application, to maintain the status of the information or documents as Confidential under this Stipulation, the producing Party must show there is good cause for the information or documents to have such designated protection. Prior to the Court's determination of this issue, the information or documents designated as "Confidential Information" shall remain as such. This procedure shall also apply to objections to designations of deposition testimony.

10.     Any Party that mistakenly produces materials that the producing Party claims are protected by the attorney/client privilege, work product doctrine, or other privilege, doctrine, or right recognized under the Federal Rules of Evidence or other applicable law, may request the return of those materials by promptly notifying the recipient(s) of the produced documents. The recipient shall then promptly gather and return to the producing Party or destroy all copies of the privileged materials and any copy, abstract, summary, or other reproduction thereof, and cease all use of the privileged materials until the claim is resolved. The producing Party must list and describe the privileged materials on a privilege log in a manner that will permit the recipient to assess the claim of privilege. The producing Party must preserve the privileged materials until the claim is resolved. Any inadvertent production of such privileged materials shall not be deemed a waiver in whole or in part of the producing Party's claim of privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter that the producing Party has designated as privileged.

11.     Upon termination of this action, unless otherwise ordered by the Court, the Parties and their respective counsel shall within thirty (30) days return to counsel for the producing Party all materials marked Confidential Information (and any copies thereof) or destroy them. If requested, counsel for each Party shall furnish a certificate of compliance that all materials marked Confidential Information that were produced to that Party, as well as all summaries, excerpts or copies of such materials, have been returned or destroyed.

12.     The ultimate disposition of protected materials is subject to final Order of the Court on the completion of litigation.

Signed: May 29, 2016

_____
David C. Keesler
United States Magistrate Judge

4

**EXHIBIT A**

**ACKNOWLEDGMENT CONCERNING MATERIAL
COVERED BY A PROTECTIVE ORDER**

I, the undersigned, hereby acknowledge that I have read the attached Protective Order entered in *First South Bank v. Seely et al.,* Case No.3:16-cv-00023-MOC-DCK, United States District Court for the Western District of North Carolina, and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to copy, disclose to, or discuss with any person or entity not authorized to receive Confidential Information pursuant to the terms of said Protective Order, any document or any information designated as Confidential Information or any copies of extracts or information derived therefrom which has been disclosed to me. I further agree to use any information disclosed to me in connection with the case solely for the purposes permitted under said Protective Order, and to return any Confidential Information to counsel for the producing party or destroy it within thirty (30) days of the conclusion of this litigation.

I understand that the use of any Confidential Information or document in any manner contrary to the provisions of the Protective Order may subject me to sanctions of the Court and that I am subject to the jurisdiction of the United States District Court for the Western District of North Carolina for the purpose of enforcing said Protective Order.

Date: _____     Signature: _____

Print Name: _____